UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-01196-TBR-LLK

JILL YOUNG WEATHERS                                                                  Plaintiff

v.

HEALTHCARE SERVICES GROUP, INC., *et al.*                 Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Zurich Services Corporation's (Zurich) Motion to Bifurcate and Stay Discovery. (Docket No. 17.) Plaintiff Jill Young Weathers has not responded, and the time to do so now has passed.

This action arises from a slip and fall allegedly suffered by Plaintiff at a nursing home in Louisville, Kentucky. Plaintiff alleges that Defendant Healthcare Services Group, Inc. (HSG), who provided housekeeping services at the nursing home, was negligent in maintaining the premises. Plaintiff also alleges that HSG's liability insurer, Zurich, violated provisions of the Kentucky Unfair Claims Settlement Practices Act in its handling of her claims against HSG. Zurich presently moves to bifurcate Plaintiff's negligence claim against HSG from her bad faith claim against Zurich, and to stay discovery on the latter claim.

Federal Rule of Civil Procedure 42(b) provides that a court may bifurcate a matter into separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." The decision to bifurcate is firmly within the discretion of the trial court. *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005). "In determining whether

separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting inconvenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). Courts should look to case-specific facts to determine whether bifurcation is proper, placing the burden on the party seeking bifurcation to show separation of issues is the most appropriate course. *E.g. Brantley v. Safeco Ins. Co. of Am.*, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011); *Stoudemire v. Mich. Dep't of Corr.*, 2011 WL 2447992, at *2 (E.D. Mich. June 14, 2011); *Farmers Bank of Lynchburg, Tenn. v. BancInsure, Inc.*, 2011 WL 2023301, at *1 (W.D. Tenn. May 20, 2011).

It is clear under Kentucky law that Plaintiff's bad faith claims against Zurich cannot proceed until Plaintiff proves she is entitled to recover against HSG. *See Wittmer v. Jones*, 864 S.W.2d 885, 891 (Ky. 1993) ("[A]t trial, the underlying negligence claim should first be adjudicated. Only then should the direct action against the insurer be presented."); *see also Shearer v. Ohio Cas. Ins. Co.*, 2012 WL 4338675, at *1 (E.D. Ky. Sept. 20, 2012) (applying *Wittmer*, 864 S.W.2d at 891). Thus, bifurcation serves the interests of judicial economy and convenience where resolution of one claim may resolve the entire matter. Bifurcation of the trials will avoid the expense of litigating issues that may never arise and also will permit the jury to focus on a single issue at a time thereby avoiding the introduction of potentially confusing evidence until absolutely necessary. Furthermore, the Court recognizes the risk of prejudice, particularly to Zurich, inherent in trying Plaintiff's bad faith claim simultaneously with her negligence claim against HSG. Trying the two claims

together would be prejudicial because it would unnecessarily interject the issue of bad faith into the primary dispute over liability, thereby making discovery more difficult and complicating the issues at trial. *See Shearer*, 2012 WL 4338675, at *2; *Hardy Oil Co. v. Nationwide Agribus. Ins. Co.*, 2011 WL 6056599, at *1 (E.D. Ky. Dec. 6, 2011); *Pollard v. Wood*, 2006 WL 782739, at *2 (E.D. Ky. Mar. 27, 2006). However, bifurcation would not prejudice Plaintiff, as she will have the opportunity to litigate her bad faith claim against Zurich if she succeeds on her underlying claim against HSG. Therefore, the Court finds bifurcation of the negligence and bad faith claims appropriate here and will GRANT Zurich's Motion to Bifurcate.

The Court reaches a similar conclusion in regard to Zurich's request to bifurcate the discovery process and stay discovery of Plaintiff's bad faith claims pending resolution of the primary dispute over liability. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). Here, the Court finds that staying discovery of Plaintiff's bad faith claims pending resolution of her negligence claim against HSG would prevent prejudice, eliminate potentially unnecessary litigation expenses, and also further the interests of judicial economy. As such, the Court also will GRANT Zurich's Motion to Stay Discovery.

CONCLUSION

Having considered Zurich's Motion and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Defendant Zurich's Motion to Bifurcate and Stay Discovery, (Docket No. 17.), is GRANTED. This matter shall be bifurcated into two separate proceedings, the first encompassing Plaintiff's negligence claim against Defendant HSG, and the second her bad faith claims against Defendant Zurich. Discovery relating to Plaintiff's bad faith claims is stayed pending resolution of her negligence claim against HSG.

IT IS SO ORDERED.

Date:

cc: Counsel